O'GORMAN v. PFEIFFER.

(Supreme Court, Appellate Division, First Department.  October 13, 1911.)

APPEAL AND ERROR (§ 479*)—DENIAL OF LEAVE TO APPEAL—STAY.

It was error to continue a stay, granted below, pending an application for leave to appeal to the Court of Appeals, after application was denied by the Appellate Division.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 479.*]

Appeal from Special Term, New York County.

Action by Nellie O'Gorman against Minnie Pfeiffer.  From an order granting a stay pending application for leave to appeal to the Court of Appeals, defendant appeals.  Reversed.

See, also, 130 N. Y. Supp. 77..

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and MILLER, JJ.

Benjamin Scharps, for appellant.

Cornelius J. Earley, for respondent

PER CURIAM.  The order was erroneous in continuing the stay after the determination of this court to refuse to certify questions to the Court of Appeals.  This court having denied the application for leave to appeal to the Court of Appeals, the stay can subserve no useful purpose, and therefore the order appealed from is reversed, with $10 costs and disbursements, and the stay vacated.

———————

EDISON ILLUMINATING CO. OF BROOKLYN v. HORACE E. FRICK CO. et al.

(Supreme Court, Appellate Division, Second Department.  October 6, 1911.)

INTERPLEADER (§ 19*)—PROCEEDINGS—PARTIES.

Code Civ. Proc. § 820a, provides that when a sum is due on contract, and an amount exceeding $50 is claimed by adverse claimants, the debtor may bring suit of interpleader, and be permitted to pay the amount into court, and be discharged from further liability.  *Held* that, after plaintiff debtor has been discharged by an interlocutory judgment for him in such proceedings, a judgment creditor whose execution has been returned unsatisfied, and who claims an interest in the fund, may, on his application, be made a party defendant to have the fund applied in satisfaction of his judgment; section 452 providing that, where one not a party has an interest in the subject thereof and applies to be made a party, the court must direct him to be brought in by proper amendment.

[Ed. Note.—For other cases, see Interpleader, Cent. Dig. § 41; Dec. Dig. § 19.*]

Appeal from Special Term.

Proceedings by the Edison Illuminating Company of Brooklyn against the Horace E. Frick Company and others, in which John V. Lindberg applies to be made a party defendant.  From an order granting the application, one of the defendants appeals.  Affirmed.

———————

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Blackmar, J., delivered the following opinion at Special Term:

The interlocutory judgment or order, under section 820a of the Code, having been entered, the plaintiff is practically discharged from the action. The contest is now solely between the different defendants. Now comes another person, the applicant, who claims an interest in the fund, and I can see no theoretical or practical objection to giving him an opportunity to assert it. A judgment creditor, whose execution has been returned unsatisfied, has an interest in property of the judgment debtor which warrants him in seeking the aid of a court of equity to have it applied to the satisfaction of his judgment. As incidental to the relief, fraudulent conveyances may be swept aside. The applicant, therefore, has such an interest as is contemplated by section 452 of the Code. In addition to this, the third party order gives him a specific equitable lien.

The applicant may take an order making him a party defendant and amending all process and pleadings accordingly, without prejudice and subject to all proceedings already had in the action, with leave to set up his claim to the fund by serving on the other defendants, within 10 days, such pleading as he may be advised, which shall be considered as controverted by the other defendants by traverse or avoidance, as the case may require, without formal pleading. No costs.

Argued before JENKS, P. J., and THOMAS, CARR, WOOD-WARD, and RICH, JJ.

Bond & Babson, for appellant.
Low, Miller & Low, for respondent Lindberg.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on the opinion of Blackmar, J., at Special Term.

---

### In re AULETTA.

(Supreme Court, Appellate Division, Second Department. October 6, 1911.)

INTOXICATING LIQUORS (§ 106*)—LICENSES—REVOCATION—GROUNDS.

 A liquor tax certificate is properly revoked, where the application stated that there were no buildings occupied exclusively as dwellings within the limited area, whereas there was a tenement house.

 [Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 113, 115; Dec. Dig. § 106.*]

 Hirschberg, J., dissenting.

Appeal from Special Term, Westchester County.

Petition by Pasquale Auletta to revoke a liquor tax certificate issued to Otto Leibholz. From an order denying the petition, petitioner appeals. Reversed, and license revoked.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, BURR, and RICH, JJ.

F. X. Donoghue, for appellant.
Milton M. Goldsmith, for respondent.

THOMAS, J. On September 30, 1910, Leibholz, respondent, succeeding to the saloon of one Freygang, applied for a liquor license for the year beginning October 1, 1910, and secured it. He did not obtain original consents from persons within the limits required, but refer-